Jeffrey B. Maltzman, CA Bar No. 131758
Edgar R. Nield, CA Bar No. 135018
Gabrielle De Santis Nield, CA Bar No. 110930
Rafaela P. Castells, CA Bar No. 290828
MALTZMAN & PARTNERS, P.A.
681 Encinitas Boulevard, Suite 315
Encinitas, CA 92024
Telephone: (760) 942-9880
Facsimile:  (760) 942-9882
jeffreym@maltzmanpartners.com
edn@maltzmanpartners.com
gabn@maltzmanpartners.com

Attorneys for Defendant, PRINCESS CRUISE LINES, LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA TUCKER, CHRISTINA MONAHAN, LAURA RIGBY, MARY MORRIS, and CONNOR STANLEY,<br><br>Plaintiffs,<br><br>vs.<br><br>PRINCESS CRUISE LINES LTD.,<br><br>Defendants. | CASE NO.: 2:21-CV-01504-RGK-SK<br><br>**DEFENDANT PRINCESS CRUISE LINES, LTD.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Judge: Hon. R. Gary Klausner<br>Magistrate: Hon. Steve Kim<br>Filed:  02/18/2021 |

## PLAINTIFFS' AMENDED COMPLAINT AND JURY DEMAND

Defendant PRINCESS CRUISE LINES, LTD (hereinafter "Princess" or "Defendant") hereby responds to Plaintiff Christina Monahan's First Amended Complaint [ECF #24] and admits, denies, and alleges as follows in its Answer:

Answering the Jury Demand of Plaintiff's First Amended Complaint, Princess denies that Plaintiff is entitled to a jury trial as the Court's basis for subject matter jurisdiction is admiralty jurisdiction.

### I. PARTIES

1. Answering Paragraph 1 of Plaintiff's First Amended Complaint,

Princess does not have sufficient information or belief to enable it to answer the allegations in said Paragraph and, on that ground, denies the allegations, except that Princess admits that Plaintiff Christina Monahan was a passenger aboard the *Grand Princess*.

2. Princess need not respond to the allegations of Paragraph 2 of Plaintiff's First Amended Complaint since Plaintiff Victoria Tucker's claims were dismissed without prejudice in the Court order dated July 30, 2021 (ECF. No. 42) and Plaintiff Victoria Tucker did not amend her complaint.

3. Princess need not respond to the allegations of Paragraph 3 of Plaintiff's First Amended Complaint since Plaintiff Laura Rigby's claims were dismissed without prejudice in the Court order dated July 30, 2021 (ECF. No. 42) and Plaintiff Laura Rigby did not amend her complaint.

4. Princess need not respond to the allegations of Paragraph 4 of Plaintiff's First Amended Complaint since Plaintiff Mary Morris' claims were dismissed without prejudice in the Court order dated July 30, 2021 (ECF. No. 42) and Plaintiff Mary Morris did not amend her complaint.

5. Answering Paragraph 5 of Plaintiff's Amended Complaint, Princess states that the allegations constitute legal conclusions for which no response is appropriate or required. Should a response be required, Princess admits Princess is incorporated in Bermuda with its headquarters in Santa Clarita, California, that the Passage Contract applicable to Plaintiff's voyage requires that suit to be filed in this Court, and that service may be served via Princess' registered agent. Princess does not contest personal jurisdiction in this action. Except as specifically admitted, Princess denies the remaining allegations.

## II. JURISDICTION AND VENUE

6. Admitted.

7. Answering Paragraph 7 of Plaintiff's Amended Complaint, Princess states that the allegations constitute legal conclusions for which no response is

appropriate or required. Should a response be required, Princess admits that the Passage Contract applicable to Plaintiff's voyage requires that suit to be filed in this Court, Princess admits that Princess markets cruise vacations worldwide, including to California residents and that it employs California residents to work in its California headquarters, admits that it owned and operated the *Grand Princess*, and admits that it is a for-profit corporation with its headquarters in Santa Clarita, Los Angeles, California. Princess does not contest personal jurisdiction in this action. Except as specifically admitted, Princess denies the remaining allegations.

8. Answering Paragraph 8 of Plaintiff Christina Monahan's First Amended Complaint, Princess admits that Plaintiff was a passenger aboard the *Grand Princess* that departed San Francisco on February 21, 2020, and admits that on March 9, 2020, the *Grand Princess* was allowed to dock in the Port of Oakland. Except as expressly admitted, Princess denies the remaining allegations.

### III.  FACTUAL BACKGROUND

9. Answering Paragraph 9 of Plaintiff's Amended Complaint, Princess states the allegations constitute legal conclusions to which no response is appropriate or required. Should a response be required, Princess lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, on that basis, denies the allegations.

10. Answering Paragraph 10 of Plaintiff's Amended Complaint, to the extent the allegations purport to summarize or state the contents of documents, those documents speak for themselves, and Princess denies any characterization that is inconsistent with their content. To the extent a response is required, Princess admits there has been a worldwide outbreak of a disease now commonly known as COVID-19 caused by a novel coronavirus that reportedly began in China and spread throughout Asia, Europe, and North America; admits that COVID-19 causes a wide array of symptoms, many of which are common to many other ailments; and admits that possible symptoms of COVID-19 may, but do not always, include fever, cough

or shortness of breath loss of appetite, loss of smell, and loss of taste. Princess further admits that some individuals who contract the virus will have no symptoms or *de minimis* symptoms whereas other individuals may have severe symptoms which can, in some cases, cause death. Except as expressly admitted, Princess denies the remaining allegations.

11. Answering Paragraph 11 of Plaintiff's Amended Complaint, Princess admits that a COVID-19 outbreak occurred on the *Diamond Princess* (owned and operated by Princess), that the virus spread among passengers during the Japanese government-controlled quarantine in Yokohama, Japan, that a number of cases and multiple deaths were reported to have occurred following the cruise and the Japanese government-controlled quarantine, and that CDC issued a statement on February 18, 2020 regarding the *Diamond Princess*. To the extent the allegations purport to summarize or state the contents of documents, those documents speak for themselves, and Princess denies any characterization that is inconsistent with their content. Except as expressly admitted, Princess denies the remaining allegations.

12. Answering Paragraph 12 of Plaintiff's Amended Complaint, Princess admits that Plaintiff Christina Monahan was a passenger on the Grand Princess which left San Francisco on February 21, 2020. Except as expressly admitted, Princess denies the remaining allegations.

13. Denied.

14. Answering Paragraph 14 of Plaintiff's Amended Complaint, Princess admits that it did not notify passengers scheduled to board the Grand Princess on February 21, 2020 about passengers of the previous voyage who had symptoms of COVID-19 because Princess was not aware of any such passengers and therefore had no reason to issue such a notification; admits that passengers and crewmembers sometimes remain onboard for more than one voyage; and admits that certain passengers and crewmembers who sailed on the February 11, 2020 voyage remained onboard for the February 21, 2020 voyage. Except as expressly admitted, Princess

denies the remaining allegations.

15. Denied.

16. Answering Paragraph 16 of Plaintiff's Amended Complaint, Princess admits that the Grand Princess had scheduled stops in ports of call of Kauai (February 26, 2020), Honolulu/Oahu (February 27, 2020), Lahaina/Maui (February 28, 2020) and Hilo (February 29, 2020). Except as expressly admitted, Princess denies the remaining allegations.

17. Answering Paragraph 17 of Plaintiffs' Amended Complaint, Princess lacks sufficient information to admit or deny the allegations and, on that basis, denies them.

18. Answering Paragraph 18 of Plaintiff's Amended Complaint, Princess admits that current CDC guidance states that the incubation period for COVID-19 is thought to extend to 14 days, with a median time of 4 to 5 days from exposure to symptoms onset. To the extent a response is required, Princess lacks sufficient information to admit or deny the allegations and, on that basis, denies them.

19. Answering Paragraph 19 of Plaintiff's Amended Complaint, Princess admits that operational changes were implemented on the Grand Princess, including cessation of self-service buffets. Except as expressly admitted, Princess denies the remaining allegations.

20. Answering Paragraph 20 of Plaintiff's Amended Complaint, to the extent the allegations purport to summarize or state the contents of documents, those documents speak for themselves and Princess denies any characterization that is inconsistent with their content. Princess admits that on March 4, 2020 passengers on the February 21, 2020 *Grand Princess* voyage were notified of a Centers for Disease Control and Prevention investigation into a small cluster of COVID-19 cases in Northern California that included passengers who were on the February 11, 2020 *Grand Princess* voyage. Except as expressly admitted, Princess denies the allegations of Paragraph 20.

21. Answering Paragraph 21 of Plaintiff's Amended Complaint, Princess admits that on March 5, 2020, the Captain of the Grand Princess voyage announced a mandatory quarantine of all passengers in their cabins at the direction of the Centers for Disease Control and Prevention. Princess also admits that on March 4, 2020, passengers on the *Grand Princess* were notified that the ship would not be completing its scheduled itinerary and would not travel to Ensenada, Mexico as scheduled for March 5, 2020, and instead was returning to California. Except as expressly admitted, Princess denies the remaining allegations.

22. Answering Paragraph 22 of Plaintiff's Amended Complaint, Princess admits that the disembarkation of passengers was phased at the direction of the government officials and that government authorities held the *Grand Princess* at sea, off the coast of Northern California. Except as expressly admitted, Princess denies the allegations.

23. Answering Paragraph 23 of Plaintiff's Amended Complaint, Princess lacks sufficient information to admit or deny the allegations and, on that basis, denies them.

24. Answering Paragraph 24 of Plaintiff's Amended Complaint, Princess admits that on March 9, 2020 the *Grand Princess* was ordered by government officials to dock in Oakland, California to disembark guests for repatriation to their home countries and/or to various quarantine locations. Except as expressly admitted, Princess denies the remaining allegations.

25. Answering Paragraph 25 of Plaintiff's Amended Complaint, Princess admits on information and belief that Christina Monahan disembarked the Grand Princess on or about March 11, 2020 and quarantined at Travis Air Force Base in California at the direction of government authorities. Princess need not respond to the allegations pertaining to Victoria Tucker in Paragraph 25 of Plaintiff's Amended Complaint since Plaintiff Victoria Tucker's claims were dismissed without prejudice in the Court order dated July 30, 2021 (ECF. No. 42) and Plaintiff Victoria Tucker

did not amend her complaint. Except as otherwise stated, Princess lacks sufficient information to admit or deny the remaining allegations and, on that basis, denies them.

26. Princess need not respond to the allegations of Paragraph 26 of Plaintiff's Amended Complaint since Plaintiff Victoria Tucker's claims were dismissed without prejudice in the Court order dated July 30, 2021 (ECF. No. 42) and Plaintiff Victoria Tucker did not amend her complaint.

27. Answering Paragraph 27 of Plaintiff's Amended Complaint, Princess lacks information or belief sufficient to answer the allegations and, on that basis, denies them.

28. Princess need not respond to the allegations of Paragraph 28 of Plaintiff's First Amended Complaint since Plaintiffs Laura Rigby's and Mary Morris' claims were dismissed without prejudice in the Court order dated July 30, 2021 (ECF. No. 42) and Plaintiffs Laura Rigby and Mary Morris did not amend their complaints.

29. Princess need not respond to the allegations of Paragraph 29 of Plaintiff Laura Rigby's First Amended Complaint since Plaintiff Laura Rigby's claims were dismissed without prejudice in the Court order dated July 30, 2021 (ECF. No. 42) and Plaintiff Laura Rigby did not amend her complaint.

30. Princess need not respond to the allegations of Paragraph 30 of Plaintiff Mary Morris' First Amended Complaint since Plaintiff Mary Morris' claims were dismissed without prejudice in the Court order dated July 30, 2021 (ECF. No. 42) and Plaintiff Mary Morris did not amend her complaint.

31. Answering Paragraph 31 of Plaintiff's Amended Complaint, Princess lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 as to the activities of Christine Monahan and therefore denies them. Princess admits that public areas on the *Grand Princess* closed on March 5, 2020, and admits that the Captain of the Grand Princess voyage announced

1 a mandatory quarantine of all passengers in their cabins at the direction of the Centers for Disease Control and Prevention on March 5, 2020. Princess need not respond to the allegations pertaining to Victoria Tucker, Laura Rigby, and Mary Morris in Paragraph 31 of Plaintiff's Amended Complaint since Plaintiffs Victoria Tucker's, Laura Rigby's, and Mary Morris' claims were dismissed without prejudice in the Court order dated July 30, 2021 (ECF. No. 42) and Plaintiffs Victoria Tucker, Laura Rigby, and Mary Morris did not amend their complaints. Except as stated, Princess denies the allegations.

32. Answering Paragraph 32 of Plaintiff's Amended Complaint, Princess denies the allegations as to its knowledge about COVID-19 before the February 21, 2020 *Grand Princess* voyage departed. Except as otherwise stated, the allegations in Paragraph 32 are overly general and conclusory and will be the subject of expert testimony and on that basis, Princess denies the remaining allegations in Paragraph 32.

33. Answering Paragraph 33 of Plaintiff's Amended Complaint, to the extent the allegations purport to summarize or state the contents of documents, those documents speak for themselves and Princess denies any characterization that is inconsistent with their content. Except as otherwise stated, the allegations in Paragraph 33 are overly general and conclusory and will be the subject of expert testimony and on that basis, Princess denies the remaining allegations in Paragraph 33.

34. Answering Paragraph 34 of Plaintiff's Amended Complaint, the allegations of this Paragraph constitute legal conclusions for which no response is appropriate or required. To the extent any response is required, Princess denies the allegations.

35. Answering Paragraph 35 of Plaintiff's Amended Complaint, to the extent the allegations purport to summarize or state the contents of documents, those documents speak for themselves and Princess denies any characterization that is

inconsistent with their content. To the extent a response is required, Princess denies the allegations.

## COUNT 1
## NEGLIGENCE
### (Christina Monahan)

Princess incorporates its responses to paragraph numbers 1 through 35 above as though fully set forth herein.

36. Answering Paragraph 36 of Plaintiff's Amended Complaint, the allegations of this Paragraph constitute legal conclusions for which no response is appropriate or required. To the extent any response is required, Princess admits that Plaintiff was a passenger on the *Grand Princess* and that Princess owed a duty of reasonable care under the circumstances. Except as expressly admitted, Princess denies the allegations.

37. Answering Paragraph 37 of Plaintiff's Amended Complaint, the allegations of this Paragraph constitute legal conclusions for which no response is appropriate or required. To the extent any response is required, Princess denies the allegations.

38. Answering Paragraph 38 of Plaintiff's Amended Complaint, including subparts (a)-(m), Princess denies the allegations.

39. Answering Paragraph 39 of Plaintiff's Amended Complaint, Princess denies the allegations.

40. Answering Paragraph 40 of Plaintiff's Amended Complaint, Princess denies the allegations.

41. Answering Paragraph 41 of Plaintiff's Amended Complaint, Princess denies the allegations.

42. Answering Paragraph 42 of Plaintiffs' Amended Complaint, Princess denies the allegations.

/ / /

43. Answering Paragraph 43 of Plaintiff' Amended Complaint, Princess denies the allegations.

44. Answering Paragraph44 of Plaintiff's' Amended Complaint, including subparts (a)-(b), Princess denies the allegations.

Princess denies that Plaintiff is entitled to any relief whatsoever against this Defendant including punitive damages and the right to a jury and further denies the allegations of negligence.

## COUNT 2

## NEGLIGENCE

### (Victoria Tucker))

Princess need not respond to the allegations of Count 2 of Plaintiff Victoria Tucker since Plaintiff Victoria Tucker's claims were dismissed without prejudice in the Court order dated July 30, 2021 (ECF. No. 42) and Plaintiff Victoria Tucker did not amend her complaint.

## COUNT 3

## NEGLIGENCE

### (Laura Rigby)

Princess need not respond to the allegations of Count 3 of Plaintiff Laura Rigby since Plaintiff Laura Rigby's claims were dismissed without prejudice in the Court order dated July 30, 2021 (ECF. No. 42) and Plaintiff Laura Rigby did not amend her complaint.

## COUNT4

## NEGLIGENCE

### (Mary Morris)

Princess need not respond to the allegations of Count 4 of Plaintiff Mary Morris since Plaintiff Mary Morris' claims were dismissed without prejudice in the Court order dated July 30, 2021 (ECF. No. 42) and Plaintiff Mary Morris did not amend her complaint.

## Count 5

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (Christina Monahan)

Princess incorporates its responses to paragraph numbers 1 through 35 above as though fully set forth herein.

72. Answering Paragraph 72 of Plaintiff's Amended Complaint, Princess denies the allegations.

73. Answering Paragraph 73 of Plaintiff's Amended Complaint, Princess denies the allegations.

74. Answering Paragraph 74 of Plaintiff's Amended Complaint, Princess denies the allegations.

75. Answering Paragraph 75 of Plaintiff's Amended Complaint, Princess denies the allegations.

76. Answering Paragraph 76 of Plaintiff's Amended Complaint, Princess denies the allegations.

77. Answering Paragraph 77 of Plaintiff's Amended Complain including subparts (a)-(c), Princess denies the allegations.

Princess denies that Plaintiff is entitled to any relief whatsoever against this Defendant including punitive damages and the right to a jury and further denies the allegations of negligence and negligent infliction of emotional distress.

## Count 6

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (Victoria Tucker)

Princess need not respond to the allegations of Count 6 of Plaintiff Victoria Tucker since Plaintiff Victoria Tucker's claims were dismissed without prejudice in the Court order dated July 30, 2021 (ECF. No. 42) and Plaintiff Victoria Tucker did not amend her complaint.

///

## Count 7

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (Laura Rigby)

Princess need not respond to the allegations of Count 7 of Plaintiff Laura Rigby since Plaintiff Laura Rigby's claims were dismissed without prejudice in the Court order dated July 30, 2021 (ECF. No. 42) and Plaintiff Laura Rigby did not amend her complaint.

## Count 8

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (Mary Morris)

Princess need not respond to the allegations of Count 8 of Plaintiff Mary Morris since Plaintiff Mary Morris' claims were dismissed without prejudice in the Court order dated July 30, 2021 (ECF. No. 42) and Plaintiff Mary Morris did not amend her complaint.

## COUNT 9

## GROSS NEGLIGENCE

Princess incorporates its responses to paragraph numbers 1 through 35 above as though fully set forth herein.

96. Answering Paragraph 96 of Plaintiff's Amended Complaint, Princess denies the allegations.

97. Answering Paragraph 97 of Plaintiffs' Amended Complaint, Princess denies the allegations.

98. Answering Paragraph 98 of Plaintiff's Amended Complaint, Princess denies the allegations.

99. Answering Paragraph 99 of Plaintiff's Amended Complaint, Princess denies the allegations.

Princess denies that Plaintiff is entitled to any relief whatsoever against this Defendant including punitive damages and the right to a jury and further denies the

allegations of negligence and gross negligence.

## PRAYER FOR RELIEF

Princess denies that Plaintiff is entitled to any relief whatsoever against it and further denies each and every allegation against it, and further specifically denies that Plaintiff is entitled to any types of damages or relief.

## AFFIRMATIVE DEFENSES

Based on the facts and information known to date, and subject to amendment following further investigation of the facts, and without waiver of any rights, privileges, or defenses, Princess states the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are governed by general maritime law and any recovery is limited by same.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are governed by the Passage Contract applicable to their voyage and the Princess adopts and incorporates the terms of the Passage Contract into its answer by reference.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's acts and omissions were the sole, proximate cause of their alleged or injuries, if any.

## FIFTH AFFIRMATIVE DEFENSE

The incident and injuries alleged by the Plaintiff, if any, were the result of superseding, intervening, and/or unforeseeable causes from which Princess had no duty to protect Plaintiff.

/ / /

/ / /

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff failed to act timely and reasonably and/or failed to exercise due care in order to minimize or mitigate her damages.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent that the Princess is liable for aggravating any pre-existing injury, illness or condition, which Princess specifically denies, Plaintiff's damages should only be for an amount commensurate with the degree that Plaintiff's pre-existing injury, illness or condition was aggravated by the conduct or omission of Princess.

**EIGHTH AFFIRMATIVE DEFENSE**

The injuries or damages suffered by Plaintiff, if any, were solely caused by the actions and/or omissions of third parties for whom Princess has no responsibility or liability.

**NINTH AFFIRMATIVE DEFENSE**

Princess has no legal responsibility for the damages or injuries alleged by Plaintiff in the Amended Complaint; however, in the event that Princess is held liable, any liability being specifically denied by Princess, said liability will be due in whole or in part to the acts, omissions, activities, failures, recklessness or negligence of others. Accordingly, any recovery by the Plaintiffs against Princess should be reduced in proportion to the respective negligence, fault, or responsibility of all other parties, persons, or entities, including their agents, servants, representatives, or employees who contributed to or caused any injury or damages to Plaintiff, if any, in accordance with the law governing comparative fault.

**TENTH AFFIRMATIVE DEFENSE**

Princess' liability, if any, must be reduced by the comparative amount of liability and/or fault attributable to the Plaintiff for the reasons set forth in the preceding and subsequent affirmative defenses and by reason of the decisions made by and acts and omissions of Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

Any award of damages to Plaintiff should be reduced by any collateral source payments paid to and/or received by Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from maintaining a claim for emotional distress, mental suffering or psychological injury of any kind since Plaintiff failed to sustain any physical injury attributable to COVID-19.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from maintaining a claim for emotional distress, mental suffering or psychological injury of any kind prior to her contracting and exhibiting symptoms of COVID-19.

## FOURTEENTH AFFIRMATIVE DEFENSE

Princess acted at all times in compliance with and in reasonable reliance on the health guidance and regulations of the CDC and other applicable health agencies.

## FIFTEENTH AFFIRMATIVE DEFENSE

Princess' actions or omissions as alleged in the Amended Complaint did not proximately cause Plaintiff to contract COVID-19.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent California law applies, if at all, Plaintiff's claims are barred by the provisions of California Civil Code section 1714.8 in that the injuries and damages complained of by the Plaintiff herein, if any, were solely as the result of the natural course of a disease or condition and/or expected result of reasonable treatment rendered for the disease or condition by Princess herein.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim that any act or omission of Princess was the substantial factor in causing the alleged injuries and damages set forth in Plaintiff's Amended Complaint.

15
PRINCESS' ANSWER TO AMENDED COMPLAINT     2:21-CV-01504-RGK-SK

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Princess had no actual or constructive notice of any act or omission on its part that foreseeably would have placed Plaintiff at actual risk of immediate physical injury from COVID-19.

**NINETEENTH AFFIRMATIVE DEFENSE**

There is no right to a jury trial for this matter.

**TWENTIETH AFFIRMATIVE DEFENSE**

Third-party passengers/persons misstated facts and/or failed to disclose facts to Princess when answering the Traveler's Health Declaration during embarkation and such misstatements and/or failures were the cause of any injuries alleged in the Amended Complaint for which Princess cannot be held responsible.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Princess complied with the applicable protocols of CLIA, WHO, and CDC recommendations at the time of Plaintiff's subject cruise.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the acts or omissions alleged to have been performed by Princess, if performed at all, were made in good faith and/or justified.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages and injuries resulted from unavoidable events and were not proximately caused by any alleged negligence or gross negligence on the part of Princess.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff had actual knowledge and/or notice of the potential to contract COVID-19 prior to and during their cruise and consciously and voluntarily assumed the risk of same.

/ / /

/ / /

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Punitive damages are precluded as a matter of law as such damages are not traditionally awarded under maritime law for cases involving disease exposure.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The imposition of punitive or exemplary damages would contravene Princess' constitutional rights to substantive and procedural due process of law under the applicable provisions of the Constitution of the United States. Additionally, imposition of punitive damages would place a burden on commerce in violation of Article I, Section 8, of the Constitution of the United States.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent the injuries complained of are too remote and speculative, such that imposing liability, in whole or in part, would violate the Due Process Clause of the Constitution of the United States and any applicable state constitution.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's illness was caused by an Act of God for which Princess cannot be held responsible under applicable law and/or the terms of the Passage Contract.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's illness, if any, were caused by a novel disease which was beyond Princess' control.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's illness was caused by a novel disease which was not within Princess' exclusive control.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Princess claims the benefit of any statutory liability limitations relating to COVID-19 which now exist, or which may in the future be adopted.

/ / /

/ / /

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Princess' actions were in compliance with recommendations, mandates and orders of the relevant government agencies and Princess has not liability for complying with lawful orders or instructions of government entities.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's and claims are barred as she did not actually contract COVID-19 onboard the *Grand Princess*.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims herein are barred by the Political Question Doctrine and/or Act of State Doctrine.

Princess reserves its right to add additional affirmative defenses as discovery develops.

WHEREFORE, Princess prays judgment as follows:

1. That Plaintiff takes nothing by way of her Amended Complaint;
2. That the Court enter judgment for Princess;
3. For costs incurred in defense of this action; and
4. For such other and further relief as the Court may deem proper.

DATED: August 13, 2021     MALTZMAN & PARTNERS

By: *s/ Jeffrey B. Maltzman*
Jeffrey B. Maltzman
Edgar R. Nield
Gabrielle De Santis Nield
Rafaela P. Castells
*Attorneys for Defendant,*
*Princess Cruise Lines Ltd.*